BRYANT, Judge.
Where the challenged portion of the prosecutor's closing argument was based on reasonable inferences properly drawn from evidence presented at trial, the trial court did not abuse its discretion in overruling defendant's objection to that portion of the closing argument. We find no error in defendant's trial for obtaining property by false pretenses. The verdict and the judgment of the trial court are upheld.
On 8 June 2012, defendant was indicted on the charge of obtaining property by false pretenses. The indictment alleged that defendant's false pretense consisted of "representing that his business owned a Ford van and selling said van to Ms. Johnson, when in fact the van was not his to sell."
At trial, the State's evidence tended to show that on 4 May 2012, Demeka Johnson went to Silver Boys' Auto Connections in Rocky Mount searching for a vehicle she hoped to purchase, a Nissan Quest. However, when she arrived, the Nissan Quest had already been sold. One of the owners of the car dealership informed Johnson that he would find her another vehicle. Shortly thereafter, one of the owners and defendant Christopher Silver returned in a brown van, a 2000 Ford Freestar, that they had driven from across the street. Johnson was informed that the van had been parked across the street because it needed some minor repairs and needed to be cleaned, but if she was interested in purchasing the vehicle, the vehicle would be ready the next day. Johnson testified that defendant offered to sell the van to her for $1,100.00, but he would reduce the sale price to $1,000.00 if Johnson paid for the van that day. Johnson did not have a vehicle and stated that she wanted the van because her daughter was attending prom the next day, Saturday. Johnson gave defendant $200.00 to hold the vehicle and agreed to pay another $300 .00 toward the purchase price if the dealership provided her with a "loaner" vehicle while the van was being repaired. Defendant provided Johnson with a loaner vehicle, and Johnson gave defendant the additional $300.00, for a total of $500.00. When Johnson spoke with defendant the next day, he informed her "he didn't think that the van would be ready that day, so [Johnson] could just keep that [loaner] car.... [A]nd, it'll probably be that Monday before [they] did business." On Monday, Johnson received no answer when she called defendant. On Wednesday, Johnson encountered defendant at a local McDonald's restaurant. Defendant told Johnson that something else on the van needed repair "but you're good. You can just keep the [loaner] car until, you know, the van gets ready." Defendant informed Johnson that the van was being worked on at Powell Tire Co. near Church Street. Johnson went to Powell Tire and spoke to Kelvin Bobbitt. Bobbitt informed Johnson that he owned the van, and he was not aware of a request to fix the van or an offer to purchase it. Johnson reported the matter to the Rocky Mount Police Department.
At trial, Bobbitt testified that when he received the van from the previous owner, he knew the van needed a catalytic converter. Still, he "put the word out" to Silver Boys' Auto Connections that he would sell it for $500.00, acknowledging that the van needed some work. Bobbitt testified that one of the Silvers paid him $500.00 for the van and drove it from Powell Tire. However, the van was returned to Bobbitt the same day: "[I]t needed some more work than what I said...." Bobbitt refunded the $500.00. Bobbitt also testified and corroborated Johnson's testimony that Johnson came to Powell Tire inquiring as to the repair of the van and that Bobbitt informed her he was unaware of any request to repair or purchase the van.
Officer Jacob Haymore, with the Rocky Mount Police Department, who investigated the complaint, testified that Johnson reported paying $500.00 to defendant as a down payment for a van and accepting a loaner vehicle while the van was receiving repairs. Bobbitt informed Officer Haymore that he kept the title to the van and refunded the "Silver boys" $500.00 when the van was returned to him. But, Johnson never received the van.
Defendant presented no evidence at trial.
The jury returned a guilty verdict against defendant on the charge of obtaining property by false pretenses. The trial court entered judgment in accordance with the jury verdict. Defendant was sentenced as a Prior Record Level III to a term of 10 to 21 months imprisonment. Defendant appeals.
Defendant's sole argument on appeal is that the trial court erred in overruling his objection to comments made by the prosecutor during her closing argument; that the prosecutor argued facts not supported by the evidence. We disagree.
The standard of review for improper closing arguments that provoke timely objection from opposing counsel is whether the trial court abused its discretion by failing to sustain the objection. See, e.g., State v. Huffstetler,312 N.C. 92, 111, 322 S.E.2d 110, 122 (1984) (holding that appellate courts will review the exercise of such discretion when counsel's remarks are extreme and calculated to prejudice the jury). In order to assess whether a trial court has abused its discretion when deciding a particular matter, this Court must determine if the ruling "could not have been the result of a reasoned decision." State v. Burrus,344 N .C. 79, 90, 472 S.E.2d 867, 875 (1996) (citation omitted).
A well-reasoned, well-articulated closing argument can be a critical part of winning a case. However, such argument, no matter how effective, must: (1) be devoid of counsel's personal opinion; (2) avoid name-calling and/or references to matters beyond the record; (3) be premised on logical deductions, not on appeals to passion or prejudice; and (4) be constructed from fair inferences drawn only from evidence properly admitted at trial.
State v. Jones,355 N.C. 117, 135, 558 S.E.2d 97, 108 (2002).
Defendant challenges the prosecutor's statement that he was the person who returned the van to Bobbitt and retrieved the $500.00 previously paid to Bobbitt for the van. In reviewing whether the trial court abused its discretion, we determine first whether the references were improper and then, whether they were prejudicial. Id.at 133, 558 S.E.2d at 106. Defendant argues that to establish intent to deceive-an element of obtaining property by false pretenses-the prosecutor argued to the jury that defendant had knowledge the van had been returned to Mr. Bobbitt and was no longer available to sell to Johnson. Defendant asserts "there was no reliable testimony presented at trial that defendant was involved in returning the van to Mr. Bobbitt." In pertinent part, defendant challenges the following argument by the prosecution to the jury.
[Prosecutor:] And at that point, it seems that [Johnson's] doing business with the Defendant. But what we also heard next from Mr. Kelvin Bobbitt is that same day, the van was returned to him. He returned that $500. And if the Defendant would have called Ms. Johnson and said we're not going to sell the van, it needs too much work, we wouldn't be in court today. But that's not what happened. The Defendant returned that van....
[Defense counsel]: Objection, Your Honor....
THE COURT: Overruled.
Defendant points out that Bobbitt testified he did not remember specifically who paid him $500.00 for the van or who returned it to him, only that it was one of the "Silver boys." Based on this, defendant challenges the prosecutor's argument as improper.
However, we find the prosecutor's statement in her closing argument, that defendant returned the van, to be a fair and proper inference based on the evidence presented at trial. There was direct testimony that defendant and his brother drove the van from across the street where Johnson first saw the van, and that all the rest of Johnson's transactions, including monetary ones, were with defendant. It was defendant who offered to sell her the van, who reduced the price, who offered to repair it, to whom Johnson paid the $500.00, and who provided her with a loaner car. Finally, it was defendant whose misleading statements and actions over the course of several days caused Johnson to believe defendant had the right to sell the van, when in fact he did not. A statement in the closing argument that defendant returned the van was certainly a proper inference based on the evidence.
Because the challenged portion of the argument of the prosecutor was not improper, but rather based on a reasonable inference drawn from the evidence at trial, there was no abuse of discretion when the trial court overruled defendant's objection. Having found the argument not improper, we need not address defendant's argument as to prejudice. Defendant's argument is overruled.
NO ERROR.
Judges DAVIS and INMAN concur.
Report per Rule 30(e).
Opinion
Appeal by defendant from judgment entered 26 August 2014 by Judge Quentin T. Sumner in Nash County Superior Court. Heard in the Court of Appeals 5 May 2015.